IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV-F-98-5400 REC |
| | ) | |
| | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART WRITTEN AND |
| Plaintiff, | ) | ORAL OBJECTIONS TO PROPOSED |
| | ) | WRIT OF EJECTMENT (Doc. 312) |
| vs. | ) | AND DENYING MOTION FOR |
| | ) | PROTECTIVE ORDER (Doc. 320) |
| | ) | |
| HELLMUT LAUE, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The court granted summary judgment for the United States against all defendants then in this action, i.e., Hellmut Laue, Theodore Bollinger, Ralph Calvo, and James Andrew Davis. Defendants appealed and the Ninth Circuit affirmed the summary judgment rulings. However, the Ninth Circuit remanded to this court

> with directions to enter a detailed order specifying the terms and conditions under which: 1) defendants can continue to mine the site; 2) defendants are prohibited from residing on the site except while complying with BLM regulations; and 3) defendants' personal property must be removed from the

1

>land.  On remand, the district court shall retain jurisdiction to enter such supplemental orders as may be necessary to effect the removal of defendants and their property from the site, consistent with the terms of the district court's detailed order.

The United States lodged a Proposed Writ of Ejectment. Although no objections were filed to this Proposed Writ, the court ordered the United States to submit a revised Writ of Ejectment.  The "[Second Proposed] REVISED WRIT OF EJECTMENT AGAINST DEFENDANTS, AND ORDER FOR DISPOSITION OF ABANDONED PROPERTY" was lodged by the United States on April 7, 2005.  The court ordered the defendants to file written objections to the revised writ by May 9, 2005.  The court also advised defendants that no continuances of the date for filing objections will be granted.  The matter was set for hearing on June 20, 2005.  Due to the unavailability of the court on June 20, the hearing was continued to June 27, 2005.  The hearing was again continued at the court's instance to August 22, 2005.  Pursuant to Helmut Laue's request for a continuance in order to obtain an attorney, the United States stipulated to another continuance to October 24, 2005.  On October 21, 2005, the United States again stipulated to a continuance of the hearing at Helmut Laue's request due to "severe medical problems", the hearing being continued to February 13, 2006.

On May 9, 2005, defendant Teddy Bollinger filed an objection to the Revised Writ of Ejectment.  Neither Helmut Laue, Ralph Calvo or James Andrew Davis filed written objections.  Neither

2

Hellmut Laue, Teddy Bollinger, or James Andrew Davis appeared at the hearing on February 13, 2006.

In the objection to the Revised Writ of Ejectment, Teddy Bollinger proposes that defendants be granted 120 days from the date of the order to both cease residing on the subject properties and to remove their belongings.

The United States agrees that the Revised Writ of Ejectment be so amended and has lodged a final proposed Revised Writ of Ejectment as amended for signature and filing.

Defendant Ralph Calvo appeared at the hearing on February 13, 2006.[1] As noted, Mr. Calvo did not file any objections to the proposed Writ of Ejectment. Nonetheless, Mr. Calvo requested that the court set aside the judgments in this action or to continue issuance of the Writ of Ejectment because of the possibility that Congress might enact legislation allowing the filing of mining claims on land that cannot support a profitable mine and that would lift the 11-year moratorium on the passing of mining claims into full ownership. Mr. Calvo submitted a copy of a newspaper article from the November 20, 2005 San Francisco Chronicle stating that the House of Representatives had passed a bill including these provisions in mid-November 2005.

The court denies Mr. Calvo's request to vacate the judgments

---

[1] Defendant Calvo stated that he was making an appearance behalf of Hellmut Laue and Theodore Bollinger as well as himself. However, as the court advised Mr. Calvo at oral argument, Mr. Calvo, who is not an attorney, cannot appear on behalf of his co-defendants. See Rule 83-183(a), Local Rules of Practice.

3

1 or continue issuance of the proposed Writ of Ejectment.  From the
2 court's research, on December 13, 2005, Congressman Jim Gibbons,
3 Chairman of the House Energy and Mineral Resources Subcommittee,
4 and a supporter of the bill, issued a Press Release officially
5 withdrawing the provisions upon which Mr. Calvo relies in making
6 his request.
7    An "Objection to Judgement and Motion for Protective Order:
8 CONSERVATION OF NATURAL RESOURCES AND LAWFUL IMPROVEMENTS TO
9 MILLSITE AND DUE PROCESS" was filed by Billy Quealy on May 13,
10 2005.
11    The court disregards Mr. Quealy's objections and denies his
12 Motion for Protective Order.  Mr. Quealy is no longer a party to
13 this action.  On May 18, 1999, a "Settlement Agreement and
14 Release Between Plaintiff and Defendant Quealy" was filed in this
15 action.  A "Stipulation and Order Dismissing Defendant Quealy;
16 Provision for Continuing Jurisdiction to Enforce Settlement
17 Agreement" was filed on May 21, 1999.
18    Because of this Order, the proposed Writ of Ejectment has no
19 application to Billy Quealy.  Quealy is bound by the terms of the
20 Settlement Agreement.  Therefore, Mr. Quealy has no standing to
21 object to the terms of the proposed Writ of Ejectment.  With
22 regard to his Motion for Protective Order, his contentions
23 concerning the retention of the water delivery and storage system
24 and being allowed to keep one recreational vehicle at the site
25 are matters subject to the Settlement Agreement and applicable
26 regulations.  If Mr. Quealy wants to retain these items on the

4

site, he must first establish that the Settlement Agreement allows him to do so and he must comply with the applicable regulations and establish to the court that he has done so. Because he has not made such a showing, the court denies his Motion for Protective Order.

ACCORDINGLY:

1. The [Final Proposed] Revised Writ of Ejectment against Defendants and Order for Disposition of Abandoned Property is approved and will be separately signed by the court and filed with the Clerk of the Court;

2. The Motion for Protective Order filed by William Quealy on May 13, 2005 is denied.

IT IS SO ORDERED.

**Dated:  February 15, 2006**                    /s/ Robert E. Coyle
668554                                           UNITED STATES DISTRICT JUDGE

5