IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HELLMUT LAUE; THEODORE BOLLINGER;<br>JAMES ANDREW DAVIS; RALPH CALVO,<br><br>    Defendants. | CIV F-98-5400-REC<br><br>REVISED WRIT OF EJECTMENT<br>AGAINST DEFENDANTS, AND<br>ORDER FOR DISPOSITION OF<br>ABANDONED PROPERTY |

Pursuant to the United States Court of Appeals for the Ninth Circuit affirmance of the Order Granting United States' Motion For Partial Summary Judgment Against Helmut Laue, and related orders against defendants Bollinger, Calvo and Davis, and based upon the findings and conclusions set forth in those orders, the following is ordered with respect to public lands (hereafter referred to as "subject lands") located in Section 6, Township 4 South, Range 17 East; Section 31, Township 3 South, Range 17 East; and Section 36, Township 3 South, Range 16 East, Mount Diablo Base and Meridian, Mariposa County, California, on unpatented mill sites and mining claims identified by the following names and numbers:

    CAMC 154656, New Benton Mills (expired);

    CAMC 277353, New Benton Mills (replacing the earlier numbered mill site);

    CAMC 114620, Maybe Baby;

      CAMC 112066, Wheeler Gulch;

      CAMC 112067, El Toyon; and

      CAMC 102479, Emigrant 2 (defendant Bollinger's):

1. Defendants Helmut Laue, Teddy Bollinger, Ralph Calvo and James Andrew Davis, and all those acting in concert with them, shall cease residing on the subject lands within 120 days of entry of this order of this Court;

2. Within 120 days of entry of this order of this Court, defendants Laue, Bollinger, Calvo and Davis, and all those acting in concert with them, shall remove from the subject lands all buildings, structures, equipment, vehicles, debris, junk and any other personal property;

3. All property not so removed within 120 days of entry of this order of this Court shall become the property of the United States and its agencies; and the United States and its agencies are hereby permitted to take possession of all buildings, structures, equipment, vehicles, debris, junk and any other personal property not removed by defendants from the subject lands, or redeposited on other federal lands by them, and to dispose of all such property without further order of the Court, notice, administrative actions, or accounting. Defendants are ordered not to interfere with the disposition by the United States of the property not removed by them;

4. A writ of ejectment is hereby issued pursuant to which officers of the United States, including United States Department of the Interior, Bureau of Land Management law enforcement officials, with the assistance of local law enforcement, may physically remove defendants and other unauthorized persons acting in

1       concert with them from the subject lands if defendants fail to
2       cease residing on the subject lands within the time ordered by
3       the Court above; or if defendants again reside on the subject
4       lands without first obtaining written approval from BLM
5       pursuant to BLM's regulations, 43 C.F.R. Subpart 3715 and
6       Subpart 3809;
7  5.   Defendants Laue, Bollinger, Calvo and Davis, and all those
8       acting in concert with them, are enjoined from occupying,
9       using, or maintaining <u>any</u> personal property or equipment on,
10      any BLM or federal lands, including the subject lands, without
11      first obtaining <u>written</u> approval from BLM or the appropriate
12      federal agency;
13 6.   Current BLM regulations authorize defendants and all other
14      members of the general public to camp on BLM land for a total
15      of 14 days out of any 90 day period.  Except for the 14 days of
16      camping authorized by current regulations, defendants shall not
17      maintain any personal property relating to camping on any BLM
18      land, including the subject lands, until the next 90 day period
19      commences.
20 7.   BLM regulations, as they may be amended from time to time,
21      relating to the use and occupancy of mining claims, apply to
22      all defendants, who are to comply with those regulations in
23      seeking any future authorization from BLM for occupancy or use
24      of BLM lands under the mining laws.  If defendants are not
25      satisfied with the decision of BLM regarding a proposed use and
26      occupancy of any BLM lands, they shall not occupy or use any
27      BLM lands until such time as they have exhausted their
28      administrative remedies with the Interior Board of Land Appeals

(IBLA), and until a court with jurisdiction has reviewed BLM's decision regarding defendants' proposed use and occupancy and has ordered any modification to BLM's decision.

8. IT IS FURTHER ORDERED that remaining claims in both the above-captioned case and United States v. Laue (LAUE I), CV-F-94-5970 are dismissed as moot, making this the final order disposing of all claims in this matter.

9. IT IS FURTHER ORDERED that the Clerk shall enter judgment in accordance with this Order in favor of plaintiff and against defendants.

10. This Court retains jurisdiction to enter such supplemental orders as may be necessary to effect the removal of defendants and their property from the subject land pursuant to this REVISED WRIT OF EJECTMENT AGAINST DEFENDANTS, AND ORDER FOR DISPOSITION OF ABANDONED PROPERTY, and to enforce this REVISED WRIT OF EJECTMENT AGAINST DEFENDANTS, AND ORDER FOR DISPOSITION OF ABANDONED PROPERTY.

IT IS SO ORDERED.

**Dated:  February 15, 2006**                                    **/s/ Robert E. Coyle**
668554                                                                                  UNITED STATES DISTRICT JUDGE